[Cite as *State v. Fench*, 2015-Ohio-4058.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                    Court of Appeals No. L-14-1232

    Appellee                                                Trial Court No. CR0201401951

v.

Maurice Fench                                           **DECISION AND JUDGMENT**

    Appellant                                               Decided:  September 30, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant Maurice Fench appeals the October 3, 2014 judgment of the

Lucas County Court of Common Pleas which, following a jury trial convicting him of

retaliation, sentenced appellant to 18 months of imprisonment.  A nunc pro tunc

judgment entry was filed on March 11, 2015, reflecting that the sentence was to be served consecutive to appellant's sentence in a prior action.

{¶ 2} Appellant raises one assignment of error for our review:

The trial court erred to the prejudice of appellant by not making the required judicial findings before imposing consecutive sentences.

{¶ 3} In his sole assignment of error, appellant contends that the court failed to make the findings under R.C. 2929.14(C)(4) prior to imposing a consecutive prison sentence. The state concedes the error.

{¶ 4} R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively *if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the publi*c, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

2.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. (Emphasis added.)

{¶ 5} At the October 1, 2014 sentencing hearing, the court found that "based on the fact that you were in custody at the time and due to your criminal history at the time of the conviction, a consecutive sentence is warranted on this matter." In its March 11, 2015 nunc pro tunc judgment entry, the court stated: "The sentence is ordered to be served consecutively to the sentence in CR09-1756."

{¶ 6} Citing a case from this court, the parties agree that the court's imposition of consecutive sentences was contrary to law, R.C. 2953.08(G), where the court failed to find that a consecutive sentence was necessary to protect the public or to punish the offender. *State v. Jude*, 6th Dist. Wood No. WD-13-055, 2014-Ohio-2437, ¶ 10-11. Accordingly, appellant's assignment of error is well-taken.

{¶ 7} On consideration whereof, we find that appellant was prejudiced and prevented from having a fair proceeding, and the judgment of the Lucas County Court of Common Pleas is reversed and the sentence is vacated. The matter is remanded to the

3.

trial court for resentencing and for the court to make a determination if any of the findings under R.C. 2929.14(C)(4) apply.  Pursuant to App.R. 24, the state is ordered to pay the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                          JUDGE
Thomas J. Osowik, J.

                                                 _____
Stephen A. Yarbrough, P.J.                      JUDGE
CONCUR.

                                                 _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.